IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CARLINA
FLORENCE DIVISION

| | |
|---|---|
| Sunland Construction Company, Inc., ) | Civil Action No. 4:05-cv-01227-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| The City of Myrtle Beach, Wilbur ) | |
| Smith, Inc.,Coastal Science & ) | |
| Engineering, LLC and ) | |
| Thomas E.White, P.E., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Pending before the Court is Defendant City of Myrtle Beach's Motion to Amend the Answer, Counterclaim, Crossclaim and to add a Third Party Defendant. The motion was filed on August 26, 2005, and there been no response filed.

Rule 15(a) of the Federal Rules of Civil Procedure provides that when a party seeks leave to amend the party's pleading "leave shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). Applying Foman, the Fourth Circuit Court of Appeals has read Rule 15(a) as "mandat[ing] a liberal reading of the rule's directive for 'free allowance': motions to amend are to be granted in the absence of a declared reason such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing party, futility of amendment, etc." Ward v. Elecs. Serv., Inc. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987) (internal quotations omitted).

The City indicates in this motion that it is seeking an Order allowing amendments to its responsive pleadings and such amendments are necessary due to information that has been revealed through discovery.

Additionally, the City has moved pursuant to Rule 19 of the Federal Rules of Civil Procedure to add Hartford Insurance Company as a Third Party Defendant.

Rule 19 governs the joinder of persons needed for a just adjudication. The rule provides, in pertinent part, as follows:

> (a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest....

Clause (a)1 directs an absent party be joined if complete relief cannot otherwise be granted to those already before the court. This portion of the rule "stresses the desirability of joining those persons in whose absence the court would be obliged to grant partial or 'hollow' relief rather than complete relief to the parties before the court." Fed.R.Civ.P. 19 Advisory Committee Notes. "The 'complete relief' standard of Rule 19(a)(1) is designed to insure that all persons who have an interest in the litigation are present so that any relief to be awarded will effectively and completely adjudicate the dispute." Smith v. Mandel, 66 F.R.D. 405, 408 (D.S.C. 1975).

In this case, the City indicates in its motion that Hartford provided the performance bond for the plaintiff and the City now has a claim for breach of Plaintiff's performance bond. Therefore, the City argues that the joinder of Hartford as Plaintiff's bonding company in necessary for the resolution of the issues in the case.

For the above reasons, **IT IS HEREBY ORDERED**, without objection, that Defendant City of Myrtle Beach's Motion to Amend the Answer, Counterclaim, Crossclaim and to add a Third Party

Defendant is **GRANTED**.

      **AND IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
October 14, 2005