UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

SUNLAND CONSTRUCTION COMPANY, INC.;

Plaintiff;

v.

THE CITY OF MYRTLE BEACH, et al.;

Defendants.

Civil Action No.: 4:05-cv-1227-RBH

**ORDER**

Pending before the court are: 1) Defendant Wilbur Smith, Inc.'s [Docket Entry #75] motion for summary judgment; 2) Defendant Wilbur Smith, Inc.'s [Docket Entry #76] motion to exclude testimony of Lawrence Murdoch; 3) Defendant Wilbur Smith, Inc.'s [Docket Entry #77] motion to exclude testimony of Raymond Christopher; 4) Defendant City of Myrtle Beach's [Docket Entry #78] motion to exclude testimony of Raymond Christopher and Lawrence Murdoch; and 5) Defendant City of Myrtle Beach's [Docket Entry #79] motion for summary judgment. A hearing on these pending motions was held before the undersigned on September 14, 2007.

**Background**

This is a construction case involving the installation of three storm water drainage pipes in the 53rd Avenue North area of Myrtle Beach. The Plaintiff, Sunland Construction Company, Inc. ("Sunland") contracted with the City of Myrtle Beach ("City") to construct storm water drainage outfall pipes after the City accepted Sunland's bid for the construction project. The City had previously hired Wilbur Smith Associates, Inc. ("Wilbur Smith") to put together the bid package and provide the design specifications for the project. Wilbur Smith

then associated Coastal Science & Engineering, LLC ("Coastal Science") and Thomas E. White, P.E. to aid in providing the design specifications and the bid package.

After Sunland experienced some complications in its performance of the contract, the City terminated Sunland before they were able to complete the project. Sunland brought this action alleging the following claims: 1) Breach of Contract against the City; 2) Breach of Implied Warranty against the City; 3) Breach of Good Faith against the City; 4) Breach of Contract Accompanied by Fraudulent Act against the City; 5) Constructive Fraud against the City; 6) Breach of Implied Warranty against Wilbur Smith, Inc., Coastal Science and Thomas E. White, P.E.; and 7) Breach of Good Faith, Fair Dealing and the Duty of Impartial and Competent Engineering Judgment against Wilbur Smith, Inc., Coastal Science and Thomas E. White, P.E.[1]

The City filed an Answer, Counterclaim, and Cross-claim alleging: 1) Breach of Contract against Sunland; 2) Indemnification by Contract against Wilbur Smith; 3) Indemnification against Wilbur Smith; and 4) Negligent Misrepresentation against Wilbur Smith, Coastal Science, and Thomas E. White, P.E. The City later amended its Answer, Counterclaim, and Cross-Claim to add: 1) cross-claims for Negligence against Wilbur Smith, Coastal Science, and Thomas E. White, P.E.; and 2) a Third-party claim against Hartford Fire

[1] At the hearing on this matter, Sunland agreed to dismiss the following causes of action against the City: 1) Breach of Good Faith; 2) Breach of Contract Accompanied by Fraudulent Act; and 5) Constructive Fraud. Thus, Sunland's remaining causes of action against the City are: 1) Breach of Contract; and 2) Breach of Implied Warranty. Additionally, on May 16, 2006, Sunland consented to the dismissal of its claims against Coastal Science and Thomas E. White, P.E. Sunland indicated at the hearing that its cause of action for breach of good faith, fair dealing and duty of impartial and competent engineering judgment was being pursued as a negligence claim rather than a breach of good faith claim. *See RoTec Servs., Inc. v. Encompass Servs., Inc.*, 597 S.E.2d 881, 883-84 (S.C. Ct. App. 2004) (concluding that "the implied covenant of good faith and fair dealing is not an independent cause of action separate from [a] claim for breach of contract").

Insurance Company ("Hartford Fire") based on the performance bond issued by Hartford Fire.

Wilbur Smith filed an Answer and Cross-claim alleging cross-claims against Coastal Science for: 1) Breach of Implied Warranty; 2) Breach of Good Faith and Fair Dealing; 3) Breach of Duty of Impartial and Competent Engineering Judgment; 4) Indemnification; and 5) Negligence.[2]

Defendants, Wilbur Smith and the City, moved pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on the basis that there were no genuine issues of any material fact and that defendants were entitled to judgment as a matter of law. Wilbur Smith and the City also moved to exclude the testimony of two of Sunland's expert witnesses, Lawrence Murdoch and Raymond Christopher.

Motions for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party makes the showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

---

[2] Wilbur Smith's Cross-claim for negligence against Coastal Science appears to be nothing more than a comparative negligence defense against any claim Coastal Science may assert. Paragraph 61 of Wilbur Smith's Answer and Cross-claim is entitled "For an Eleventh Defense and Cross-claim against Coastal Science & Engineering, LLC," and states "[w]hatever damages, if any, that were sustained by Coastal Science & Engineering were due to, caused solely or partly by, and were the direct and proximate result of the negligence of Coastal Science & Engineering itself, including, but not limited to, its acts or omissions in the performance of their work on the project and/or otherwise failing to act as reasonably prudent persons would have acted under the same or similar circumstances, and therefore Coastal Science & Engineering's recovery, if any, should be barred, or reduced, in proportion to the amount of its own negligence." [Wilbur Smith's Answer and Cross-claim, at ¶ 61, Docket Entry #13]. This issue has not been raised before the court as no dispositive motions have been filed by Coastal Science.

When no genuine issue of any material fact exists, summary judgment is appropriate. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id*. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Id*., *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

Summary judgment should only be granted in those cases where there is no issue of fact involved and inquiry into the facts is not necessary to clarify application of the law. *McKinney v. Board of Trustees Mayland Community College*, 955 F.2d 924 (4th Cir. 1992). A district court should not grant summary judgment "unless the entire record shows a right to judgment with such clarity as to leave no room for controversy and establishes affirmatively that the adverse party cannot prevail under the circumstances." *Campbell v. Hewitt, Coleman & Assoc.*, 21 F.3d 52, 55 (4th Cir. 1994).

Based on the briefs and information submitted, as well as the arguments of counsel, I find that there are genuine issues of material fact precluding summary judgment. At this stage, it is not the Court's function to weigh the evidence, but rather to determine whether there is a genuine issue of fact which justifies a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). Accordingly, Defendants' motions for summary judgment are denied.

Motions to Exclude Testimony of Lawrence Murdoch and Raymond Christopher

Before the parties stipulated to a non-jury trial, Wilbur Smith and the City moved to exclude the testimony of two of Sunland's expert witnesses on the basis that they were either

not sufficiently experienced or qualified to render opinions regarding the horizontal directional drilling method used by Sunland in its attempt to complete the construction project at issue in this case. Wilbur Smith and the City also argue that Sunland's proposed experts' opinions were based on insufficient facts or data and did not apply reliable scientific principles or methods to the facts of the case.

Lawrence Murdoch received a B.S. in Geology from Pennsylvania State University, two Masters degrees (Environmental Science and Geology) and a PhD from the University of Cincinnati. Dr. Murdoch has been an Assistant Professor of Geology at Clemson University since 1994. Sunland intends to offer Dr. Murdoch's testimony regarding several issues: 1) the existence of an underground aquifer; 2) whether Sunland should have anticipated encountering fresh water under pressure from the Geotechnical Report prepared by Wilbur Smith; 3) whether the flowing water conditions encountered during the construction project could be explained by any known geological formations; and 4) the rate of flowing water from the aquifer.

Raymond Christopher received his bachelors and masters degrees in Geology from the University of Rhode Island. Dr. Christopher received a PhD in Geology from Louisiana State University. Although now retired, Dr. Christopher has taught at Auburn University and Clemson University. Sunland intends to offer Dr. Christopher's testimony in the following areas: 1) a summary of Myrtle Beach's geological setting in general and the area near the construction project; 2) the nature and origin of the boulders retrieved from the coffer cell; 3) whether a contractor should have anticipated the presence of concretions or boulders from Wilbur Smith's Geotechnical Report; and 4) the cause of and the events that led to the tunnel collapse on or about January 30, 2005.

Under Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, trial judges must act as gatekeepers to ensure that any and all scientific, technical, or other specialized testimony or evidence is both relevant and reliable. *Daubert*, 509 U.S. 579, 589 (1993). The trial judge's gatekeeping function applies not only to scientific testimony, but to all expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). However, "[t]he 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial." *Deal v. Hamilton County Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004); *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) (stating "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury"); *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) (stating "[t]here is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself"). Where a bench trial is to be conducted, the gatekeeping function is largely relaxed "because the court is better equipped than a jury to weigh the probative value of expert evidence." *United States v. 100.01 Acres in Buchanan County*, No. 1:00CV00185, 2002 WL 923925 (W.D.Va. May 7, 2002). That is not to say that the *Daubert* standards of relevance and reliability may be lessened during a bench trial, but "where the factfinder and the gatekeeper are the same, the court does not err in admitting evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702." *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006).

In light of the foregoing, the court respectfully denies Defendants' motions to exclude the testimony of Lawrence Murdoch and Raymond Christopher. Because this case will be tried

non-jury, the court would prefer to hear the disputed testimony before it makes a decision whether to exclude or disregard any part or all of the testimony.

## Conclusion

For the reasons stated above, Defendants' [Docket Entry ## 75 and 79] motions for summary judgment are **DENIED**. Defendants' [Docket Entry ## 76, 77, and 78] motions to exclude the testimony of Raymond Christopher and Lawrence Murdoch are also **DENIED**.

**IT IS SO ORDERED.**

Florence, S.C.
September 26, 2007

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Court Judge